UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DRYCO, LLC, an Illinois limited liability company; )
and PORTABLE HVAC EQUIPMENT, INC., )
a Georgia corporation, )
) No. 07 C 0069
        Plaintiffs, )
) Judge John W. Darrah
v. )
)
ABM INDUSTRIES, INC., a Delaware corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Dryco, LLC and Portable HVAC Equipment, Inc., filed suit in the Circuit Court of Cook County against Defendant, ABM Industries, Inc., alleging promissory estoppel and misappropriation of trade secrets. ABM removed the action to this Court and presently has pending a Motion to Dismiss.[1]

## BACKGROUND

A reading of the Complaint and other materials submitted by the parties pursuant to Defendant's motion supports the following summary of the alleged operative conduct of the parties.

Dryco is an Illinois limited liability company in the business of structural drying, dehumidification, and document, file and media recovery from damage due to flooding and other types of moisture saturation. Portable HVAC is a Georgia corporation in the business of sales and rental of HVAC equipment for commercial, industrial, and construction applications. ABM is a

---

[1] Defendant's Motion to Dismiss sought dismissal based on failure to state a claim, *forum non conveniens*, and failure to join indispensable parties. On February 8, 2007, in open court, the Court denied the Defendant's Motion to Dismiss based on failure to state a claim. Thus, the instant Memorandum Opinion and Order only addresses the *forum non conveniens* and failure to join indispensable parties issues.

Delaware corporation with its principal location in Lafayette, California. ABM is licensed to do business in Illinois, providing janitorial, parking, engineering, security, lighting and mechanical services for commercial, industrial, institutional, and retail facilities in hundreds of cities across the United States and British Columbia, Canada.

Following Hurricane Ivan sweeping through the Cayman Islands in September 2004, James Hennesey, a United States citizen and agent of ABM, and Kurt Swanson, a United States citizen and business partner of Hennesey, traveled to the Cayman Islands at the behest of Albun Whittaker, a citizen of the Cayman Islands and business partner of Hennesey, for the purpose of performing restoration services in the wake of Hurricane Ivan's destruction. Shortly after arriving in the Cayman Islands, Hennesey contacted Derrick Watson, a United States citizen and employee of Dryco. Watson informed Hennesey that he was working for Dryco and that Dryco could provide the services requested by Hennesey. Watson referred Hennesey to Tony Gallagher in Dryco's main office located in Northlake, Illinois. Hennesey contacted Gallagher concerning Dryco's services, and Gallagher contacted Dave Vogelsang, a United States citizen and employee of Portable HVAC, to assist with providing the services requested by Hennesey and ABM.

In September 2004, Dryco sent Hennesey a preliminary estimate and scope of the work, outlining the types of equipment, standard terms of usage, and variable unit prices that would apply for the services requested, with specific reference to two jobs that Hennesey and ABM had previously identified. Subsequently, Hennesey and ABM requested additional estimating assistance and guidance for certain work that ABM did not possess the technological capability to perform in the Cayman Islands.

In October 2004, Vogelsang and a Portable HVAC engineer, Robert Holdridge, traveled to the Cayman Islands and met with Hennesey and Swanson. Hennesey and/or Swanson took Vogelsang and Holdridge to various locations and told them that they had the inside track on getting contracts to provide structural services for the locations if Dryco and Portable HVAC could prepare detailed cost estimates based on the unique restoration needs of each property. Vogelsang and Holdridge created compilations, specifications, and pricing for the projects identified by Hennesey and Swanson to be done by Dryco and Portable HVAC. ABM, through Hennesey and Swanson, promised Vogelsang and Swanson that Dryco and Portable HVAC would obtain the contracts to provide the structural drying services for the projects. Dryco and Portable HVAC promised to deliver the necessary equipment to perform the services. Later, Vogelsang and Swanson made a second trip to the Cayman Islands to estimate additional work earmarked by Hennesey as jobs for Dryco and Portable HVAC.

Hennesey required large down payments from the property owners and relayed to Vogelsang and Holdridge that the end-customer would not sign contracts or make the down payments until the customer was sure that the drying equipment needed for the work was already available in the Cayman Islands. Dryco and Portable HVAC agreed to ship the equipment needed to the Cayman Islands.

Hennesey and ABM were informed the equipment arrived at Georgetown, Grand Cayman. However, neither Hennesey nor ABM, following their visual inspection of the equipment at the port facility yard, would agree to comply with formal custom clearance procedures necessary to authorize

the release of the drying equipment. Instead, Hennesey and ABM contracted with another firm to conduct the structural drying projects, using the confidential compilations and specifications created by Vogelsang and Portable HVAC; and Dryco's and Portable HVAC's equipment was impounded by Cayman Islands custom officials for more than six months.

## ANALYSIS

ABM argues that the action should be dismissed because the Cayman Islands is the most appropriate forum.

When considering a motion to dismiss based on the *forum non conveniens* doctrine, the court may take into consideration the pleadings, affidavits, and other documentary evidence submitted by the parties. *See Pyrenee, Ltd. v. Wocom Commodities Ltd.*, 984 F. Supp. 1148, 1152 n.2 (N.D. Ill. 1997) (*Pyrenee*). Under the *forum non conveniens* doctrine, a court may dismiss a suit over which it would normally have jurisdiction if dismissal best serves the convenience of the parties, the witnesses, and the ends of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (*Gulf Oil*); *Macedo v. Boeing Co.*, 693 F.2d 683, 689 (7th Cir. 1982). When faced with a *forum non conveniens* motion, the court considers the following factors: "(1) the availability of an adequate alternate forum; (2) the appropriate deference to plaintiff's choice of forum; (3) 'private interest' factors; and (4) 'public interest' factors." *Ludgate Insurance Co. v. Becker*, 906 F. Supp. 1233, 1336 (N.D. Ill. 1995) (*Ludgate*). The *forum non conveniens* doctrine affords the court wide discretion in its decisions related to its analysis. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

An adequate alternative forum exists if: (1) all parties are amenable to process in the other forum; and (2) the alternate forum will treat the parties fairly and not deprive the parties of all remedies. *See Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 803 (7th Cir. 1997) (*Kamel*).

4

ABM contends that the Cayman Islands is an alternate forum that would treat the parties fairly and not deprive the parties of all remedies. However, ABM has not demonstrated that it is amenable to service in the Cayman Islands and has not indicated that it would waive any jurisdictional or statute of limitation issues that might arise upon granting the *forum non conveniens* motion. In response to Plaintiffs' argument that the Cayman Islands court may not have jurisdiction over ABM, ABM still does not waive any jurisdictional issues; instead, ABM belatedly[2] argues that the Court should *conditionally* grant the motion on ABM's submission to the Cayman Islands courts. In light of ABM's failure to waive any jurisdictional issues, the Cayman Islands cannot be said to be an adequate forum for the resolution of this dispute.

The plaintiff's choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel*, 108 F.3d at 802. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil*, 330 U.S. at 508. However, there are other factors, both private and public, to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of the individual case. *Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997). Where the plaintiff does not choose his home forum, they are entitled to less deference. *See Interpane Coatings, Inc. v. Australia and New Zealand Banking Group Ltd.*, 732 F. Supp. 909, 915-916 (N.D. Ill. 1990).

In the instant case, Dryco chose to bring suit in its home forum – the Northern District of Illinois. Accordingly, substantial deference is granted to Dryco's initial forum choice; and this factor weighs in favor of denying ABM's *forum non conveniens* motion.

---

[2] ABM's reply brief was filed late without leave of court.

5

The "private interest" factors the Court considers include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing the premises, if a viewing would be appropriate to the action; and (5) all other practical problems that make the trial of cases easy, expeditious and inexpensive.

*Ludgate*, 906 F. Supp. at 1237.

There are documents and witnesses in both the United States and the Cayman Islands. ABM argues that because it will be "virtually impossible" to enforce subpoenas and compel testimony for documents and witnesses in the Cayman Islands that relate to the impounding of the equipment, (which is probably the most important fact in the case according to ABM), the private interest factors favor the Cayman Islands as the most appropriate forum. However, ABM fails to cite any authority in support of its argument; and the argument fails to take into account the availability of the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters and the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, of which the Cayman Islands is a party to both conventions. Furthermore, the majority of the witnesses and documents are within the United States.

On balance, the private interest factors weigh in favor of denying ABM's motion.

The public interest factors the court considers in connection with a motion to dismiss for *forum non conveniens* include: (1) the court's own docket congestion, (2) the preference for having a forum apply law with which it is familiar, (3) the local interest in resolving the controversy, and (4) the unfairness of burdening the citizens in an unrelated forum with jury duty. *Pyrenee,*

984 F. Supp. at 1165. Regarding docket congestion, the court considers it relative to the congestion of other potential venues. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000).

ABM argues that because Cayman Islands law "is likely" to apply, the Cayman Islands have a significant interest in the case. Even assuming that Cayman Islands law applies, ABM has failed to demonstrate the public interest factors favor the Cayman Islands forum. ABM fails to address the different forums' docket congestion, if any. Furthermore, ABM's argument fails to consider that all of the parties are United States residents and that the alleged damages affected United States businesses. There are no allegations that any Cayman Islands business or individual suffered any loss or has any interest in the present litigation.

In sum, the above factors weigh in favor of the Northern District of Illinois as the most convenient forum. Accordingly, ABM's motion to dismiss on *forum non conveniens* grounds is denied.

ABM also argues that Plaintiffs' Complaint should be dismissed for failure to join two indispensable parties – ABM-New York and CI Restorations.

Failure-to-join-indispensable-parties motions brought pursuant to Federal Rule of Civil Procedure 19 are analyzed via a two-step process. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999) (*Thomas*). First, the court determines whether the absent party should be joined if feasible, *i.e.*, whether it is a necessary party. *Thomas*, 189 F.3d at 667. If the party is necessary, but joinder is not feasible, the court must determine if the litigation can proceed in the party's absence, *i.e.*, if the party is an indispensable party. *Thomas*, 189 F.3d at 667.

The determination of whether a party is necessary depends on whether: (1) complete relief can be had without joinder, (2) the absent party's ability to protect its interest will be impaired, and/or (3) the existing parties will face a substantial risk of inconsistent obligations unless the absent party is joined. *Thomas*, 189 F.3d at 667. Once a court finds that the absent party is necessary, it must decide if that party is indispensable to the litigation. *Thomas*, 189 F.3d at 667. Four factors relevant to this determination are:

> (1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; (2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; (3) whether a judgment entered in a party's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed.

*Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). A motion to dismiss for failure to join an indispensable party is addressed to the district court's discretion. *Extra*, 361 F.3d at 362.

ABM argues that ABM-New York and CI Restorations are necessary and indispensable parties for full and fair adjudication of Plaintiffs' claims. ABM is the parent company of ABM-New York and employed Hennesey. Hennesey was an employee of ABM-New York and was never an employee of ABM. Furthermore, Hennesey's work in the Cayman Islands was on ABM-New York's behalf. CI Restorations was the company that performed restoration services in the Cayman Islands pursuant to an agreement with ABM-New York that was negotiated by Hennesey. The proposals Dryco submitted for the restoration services were submitted to CI Restorations.

ABM argues only that ABM-New York and CI Restorations are indispensable parties because any liability owed to the Plaintiffs "will necessarily have to come from either

8

CI Restorations or ABM-New York." Because the Court does not have personal jurisdiction over CI Restorations, complete relief would not be afforded to Plaintiffs or ABM.

Essentially, ABM is arguing that ABM-New York and CI Restorations, as joint tortfeasors, are necessary and indispensable parties. However, "the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor. The defendant may have a right to contribution . . . from the other tortfeasors, but that victim is not required to sue more than one of its oppressors." *Salton, Inc. v. Philips Domestic Appliances & Personal Care*, 391 F.3d 871, 877 (7th Cir. 2004) (*Salton*). As such, the mere presence of joint tortfeasors does not render the relief afforded to the parties incomplete. *See Salton*, 391 F.3d at 878 (joint tortfeasor not required to be joined in suit). Furthermore, as to ABM-New York, a 100-percent-owned subsidiary is not an indispensable party where the parent company is already a party to the litigation. *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 364 (7th Cir. 2004).

Based on the above, ABM has failed to demonstrate that ABM-New York and CI Restorations are necessary or indispensable parties. Accordingly, ABM's motion to dismiss on this ground is denied.

## CONCLUSION

For the foregoing reasons, ABM's Motion to Dismiss is denied.

Dated: June 28, 2007

JOHN W. DARRAH
United States District Court Judge

9